26,727-04

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 13 2016

Abel Acosta, Clerk

88-69008 UE

EX PARTE

THOMAS G. STEWART

IN THE 291ST JUDICIAL
DISTRICT COURT
DALLAS COUNTY TEXAS

OBJECTIONS TO DISTRICT COURT REFUSAL TO
ADDRESS RELEVANT AND PERTINENT FACTS
AND ISSUES IN 5-18-16 FINDINGS/CONCLUSIONS

TO THE HONORABLE JUDGE OF THE DISTRICT COURT;
     Comes Stewart Applicant with these his objections
to the District Court's 5-18-16 Findings and Conclusions.

I. It is physically impossible that the evidence to

Revoke was Sufficient

     In accordance with all precedent, the parole
revocation proceedings were/are separate from
the criminal proceedings in Ellis County (39171CR).
There is no possible way Applicant could have violated
his parole as charged by the Parole Authorities.
     More Specifically look to Court's Exhibit No 1
page 13 of Exhibit "A" of Ms. Jennifer Robinson's
submission, which is the "NOTICE" of the alleged
violation(s) of release which reads as follows:[1]

          You are accused of violating one or more of the
          rules/conditions, ... to wit:

     1 Rule #2 I shall commit no offense against the law
          of this state ...

On or about or since: 3-25-14
At/About: The Ellis County Jail 300 South Jackson,
          Waxahachie Texas[1]
Comp/Adj: Poss CS PG >= 4G3 ...[2]

---

[1] Emphasis Applicant's
[2] Repeated at p. 8 of the Hearing Report the Respondent's
Factual Findings and Conclusions.

1

What such "NOTICE" showed the Plaintiff, under the common meanings of the English language, was that he was charged with violating the terms and conditions of release "AT OR About " The Ellis County Jail, 300 South Jackson, Waxahachie Texas.[3]

Even though Applicant's current attachments were not on record at the time of the revocation hearings, applicant contends that his verbal statements at the taped hearing are indeed evidence, and Applicant alleges the Respondent bore the initial burden to provide at least a scintilla of evidence that he was not arrested in Ferris as he stated at the hearing. Although the "NOTICE" of the alleged allegations indeed were a part of the hearing record, any type of information such as a police report was suppressed as part of a successful fraudulent concealment scheme to prevent civil exposure of the arresting officers. Additionally, since not even the Respondent claims that parolees are not guaranteed a minimum of Due Process, is evidence of some sort not required to support all information accused in the "NOTICE" itself?

Including but not limited to, the general location the alleged violation the same as the date allegation(s) allegedly took place. Here it was a specific address

In the instant the Respondent charged Applicant with violating his parole on 3-25-14 at the Ellis County jail, then relied on evidence of something that took place somewhere entirely different to uphold the revocation, just as proven by the record.

3 A physical impossibility since he was arrested at his parole residence in Ferris Texas. The evidentiary hearing tape recording will show that Applicant brought that fact to the attention of the Respondent at the time of the hearing, as well as his plea of actual innocence of the new charges.

2

Applicant indeed objects, as the District Court simply refused to address the evidence and "Notice" on record at the time of the revocation hearing and such refusal was an abuse of discretion.

Further, is "NOTICE" of the allegations some sort of evidence of guilt? To find in the affirmative would be to adjudge an indictment to the be evidence of guilt, and Applicant objects on this ground as well as all the "NOTICE" is are but accusations, in the instant of violating parole at a county jail address also not proven by any evidence.

And, please look to the evidence that the Respondents at least admit was objected to, the plea bargain commitment that Applicant alleges was arrived at by refusing him adequate medical care for his disabled shoulders, a matter of Sheriff's policy supported by Ellis County medical records. Is there or more appropriately was there 1 shred of evidence that applicant's objection should not have been sustained? Applicant indeed objects, as his testimony as well as the brace on his shoulder at the hearing provide some evidence he was coerced into a plea bargain at arraignment just as he alleged.

In closing although he knows he attacks Tx BPP Rules and Texas Law as unconstitutional as well as no possible evidence he did anything unlawful at the Ellis County jail, Applicant OBJECTS, and alleges no evidence could exist against him without either the police reports or testimony from arresting officers.

3

II. The district court refused to address relevant pertinent facts regarding the issue of Denial of adequate "Notice"

The purpose of "Notice" is to give an accused adequate information as to the accusations against him to defend himself. In the instant, TO WIT:

That on 3-25-14, at 300 South Jackson in Waxahachie Texas at the Ellis County Jail, that Applicant violated his parole conditions, #2, by possessing dope. Applicant alleged no evidence exists that he possessed anything at 300 S. Jackson, Waxahachie Texas, the Ellis County Jail, and that as such his parole should have been continued, and at Ground 2 he was denied adequate notice to cover up the increased injuries to his reconstructed right shoulder.

To the best of Applicant's review, the District Court found that "Notice" of an alleged parole violation that SPECIFIES a concrete address for the allegation, which the accused then relies upon as a basis for defense, NEED NOT EVEN BE IN THE SAME CITY, as long as it is a "charge in the same county." Applicant Objects on the ground that such finding was and legal conclusion is arbitrary, capricious, and precogious, and that just because he was given a Notice to sign on 8-13-14 does not mean that such Notice was legally sufficient under the Due Proc. ess clause, especially when the notice given was for a violation at a specific street address.[4]

---

[4] Under the "Notice" issued to him by the Respondent, he was arrested at the County Jail instead of at the back yard of his home in Ferris where officers were trying to illegally evict him from his home without legal process as a political favor to a mentally ill brother in law whose paranoia convinced him Applicant was stealing from him.

4

## III. The Courts findings regarding the reasons for revocation are equally arbitrary and capricious

Again see Courts Exhibit 1, page 10
Ms Robinson's where the ~~ever so~~ "~~fraud-God~~"
Respondents found as proven allegations that

"GROUP A ...
On or about or since : 3-25-14
At or about Ellis County Jail, 300 S. Jackson,
        Waxahachie Texas... "

That applicant possessed dope.

For the evidence relied upon, the Respondents found

... "Exhibit B (Judgment and sentence) which shows offender was convicted of possessing methamphetamine..."

But, the Judgment and sentence comes from an arrest in Ferris Texas where officers were illegally evicting Applicant from his parole residence.

Applicant indeed alleges that the discrepancies between what Respondent charged him with in Waxahachie and his actual arrest and conviction from Ferris Texas render the statement of reasons for violating his parole unconstitutional, and that the District Court's findings other wise were an abuse of discretion to which Applicant objects. [5]

---

[5] The testimony of Offender section is so distorted and twisted that Applicant requests a transcription of it in its entirety. He knew better than to tell the truth ~~that~~ the arresting officers were illegally evicting him, hurt him, searched his truck without consent, and came out of it claiming to find dope to cover it up, because then the whole tape recording would come up missing.

The Respondents knew fully well that Applicant was arrested in Ferris and not Waxahachie, but sought and still seek to cover up the fact that Applicant was arrested while being illegally evicted without legal process from his parole residence. Such fraudulent concealment scheme, which to date has included an unlawful detention, unlawful use of force, illegal search and seizure, bogus drug charge, coerced plea bargain, now apparently extends to the District Court in Dallas, who insists that a finding his parole was revoked from an arrest in Waxahachie that actually took place in Ferris is somehow not unconstitutional.

Applicant indeed objects, as such findings and conclusions could not possibly be made under the preponderance of evidence standard but merely a gratuitous favor to the executive branch of state government.

## IV. District Court findings that Respondent Has not Retaliated against Applicant are disproven by the record.

The Respondents' parole and classification policies that relate to parole, as alleged by Applicant resulting in a 5th Circuit U.S. court of Appeals ~~2018~~ 2010 opinion in ~~his~~ his behalf, are based in part on race. In retaliation for attacking those policies and procedures, which Applicant would gladly specifically point out if given an opportunity, the Respondent has repeatedly retaliated against the Ap-

6

plicant, and one form of retaliation has been to deny him Re-parole irrespective of violating his Due Process Rights as previously stated throughout these objections, as a form of corporal punishment to deny him adequate medical care.

Contrary to the District Courts findings, when at least 2 of those forms of retaliation involve fact or duration of imprisonment that would result in a change of records Reducing the amount of time Applicant must serve, habeas corpus is the correct venue.

One of those acts of retaliation is recorded in the current Application at section (16) and was the act of changing Applicant's sentence begin date from 9-1-88 to 2-16-89, adding 5½ months flat time to a 30 year non-aggravated sentence (for a state jail felony due to changes in sentencing reform) where Applicant has served about 23 yrs 5 months flat time at present. Although parole authorities recognize (on paper) Applicant's sentence begin date of 9-1-88, upon Applicant's return to imprisonment ( (page 20th of Court's Exhibit 1) Respondent changed his sentence begin date to 2-16-89, denying him 5½ months of flat time served. See attachments herewith.

Another of those acts of retaliation has been to deny him parole a few months earlier than mandatorily allowed by law to deprive him of any meaningful opportunity to be heard. See Applicant's parole minutes and compare them to mandatorily constructed Texas law that requires that votes to release or deny release be made at least 1 year from the previous decision to release on parole or deny on parole. See Court's Exhibit 1 (19th page) and compare the 10-16-14 decision to refuse parole and the 8-18-15 decision to refuse parole and compare the timing of those decisions to state law which requires at least 1 year between decisions irrespective of a

7

prisoner being considered "FOREVER DEAD" to enforcement of his federally guaranteed rights under the 3 strikes provision of 28 USC 1915(g) because over a 30 year span of imprisonment 3 or more of the actions he has filed have been declared frivolous or malicious.[6] Applicant is 100% disabled due to the condition of his left and right shoulders without means to raise a 400 dollar filing fee.

V. Respondent conduct of adding a 10 dollar a month "TAX" for each month he was in federal custody, which is a multiple punishment for Double Jeopardy Clause purposes is indeed reviewable under habeas corpus procedures

Applicant, under a 10 dollar a month "tax" added to his state sentence for each month he was in federal custody, left federal custody with his disabled self 360 dollars in the hole.

Applicant alleges such 10 dollar a month tax is /was a multiple punishment that violates the Double Jeopardy clause warranting that the Court vacate his 30 year sentence of which he has been required to date to serve more than 23 flat years for residue allegedly found in his pocket on 9-1-88. Applicant objects to the District Court finding that the Double Jeopardy multiple punishment clause is not enforcable under TATE 11.07 VACCP Habeas Corpus statutes. And

VI. Applicant objects to the Respondent bringing the record of the 8-29-14 revocation hearing into question without allowing him a transcription of the entire hearing, along with Exhibit C the adjustment statement, as said statement proves the multiple punishment added to his state sentence.

---

6 Which gives the Respondent carte blanche' privileges to just stomp the Due Process clause into the ground and was utilized by the arresting officers to try and serve Applicant an eviction from his home without process, which the suppressed arrest video proves did not become an arrest until the officers further injured Applicant's reconstructed right shoulder.

8

VII. Requested Relief: That the District Court sustain Applicant's objections and recommend to the Court of Criminal Appeals to Order Respondent to release/reinstate Applicant's 30 year parole with credit for all time, that Respondents change his sentence begin date from 2-16-89 to 9-1-88 the date of his arrest, and order that Respondent release Applicant to federal custody where more credible forms of health care are available for the Applicant's disabled shoulders and attention deficiency disorder, and all relief allowed by law.

Applicant prays that the Father, Son and Holy Spirit touch the hearts of the Respondents in ways that only God can touch hearts to compel Respondents to change their ways and comply with the U.S. Constitution.

So moved and prayed this date of 5-31-16.

_Thomas Stewart_
Thomas G. Stewart
571499
P O Box 9000 Bradshaw St Jail
Henderson Texas
75653

Attachment List:

1 Declaration as to City of Arrest

2 Declaration as to Circumstances of Arrest

3 Copy of Notice of alleged parole violations (original)

4 Copy of 12-4-14 Time sheet showing change of sentence begin date to 2-16-89. (original)

Why does the computer site for TDCJ say still that Applicant is at the Gurney Unit?

9

<u>UNSWORN DECLARATION AS TO CITY</u>
<u>OF APPLICANT'S 3-25-14 ARREST</u>

1 I Thomas Stewart, the Applicant in Ex PARTE STEWART NO. W88-69008-UE, declare under penalty of perjury as follows;

2 On 3-25-14 I was unlawfully detained in the back yard of my parole residence in Ferris Texas, 182 Diane Rd., by Ferris police officers and people in brown and green outfits I did not even consider police for the purpose of unlawfully evicting me from my home as a political favor to my brother in law whose paranoia after my sister died led him to accuse me of stealing from him. My arrest was in Ferris Texas,

3 The arrest video proves all I say is true concerning the unlawful arrest, and suppressing that video is why the Respondents refuse to admit I was arrested in Ferris even to the point of blatantly lying about it at pp 11-12 of <u>Respondents Answer</u> in <u>Stewart v Stephens</u> CA# 3 14 CV 4444 N on 4-23-15. We all know that the people who conspired to unlawfully evict me from my home will never be prosecuted including Ms. S. Harp who even lied to the federal court in her pleadings in Respondents' behalf to cover it up.

3 The arrest video proves that I was unlawfully detained to evict me from my home without legal process at gun-point, forced to climb a fence and fall on my reconstructed shoulder, after which my truck was searched and officers claimed to find dope, but only after I was hurt real bad. The search was without written consent, and all of the above has been continuously fraudelently concealed by the Respondents including "Dandy" Cox the lawyer who refused to investigate the video.

4 I <u>think</u> the Respondents should be held to the very same lies they told the federal court that I was arrested in the County jail. I am not judging the Res-

pl of 2 pages      Attachment #1

pondents because there have been times I was forced to lie, like to the Ellis County Court and say I was guilty to get medical care or make up a patronizing story or speculation that was only ½ true because I knew the arrest video and the tape recording of the hearing would come up missing if I told the truth that I think the dude illegally evicting me pts took dope out of his pocket and said it was mine after they forced me at gunpoint to climb the fence of my backyard to evict me as a favor to my mentally ill brother in law.

5  The statute of limitations is over. The Respondents conspiracy to fraudelently conceal the violations of the Due Process Clause in my arrest was a huge success, as I am forever dead to having any rights so people like the Respondents do not even have to honor my rights to live at my own home. There is no longer any reason for the Respondents to sneak around like cowards and lie about what city I was arrested in. No one is going to send the arresting officers to the kind of places they deserve to be incarcerated, so no reason any longer exists for the State authorities to lie about what city I was arrested in. I was arrested in my backyard in Ferris Texas after an unlawful eviction from my home at gunpoint resulted in injuries after an unlawful use of deadly force. Under federal law depended on by the Respondents I have even less rights than an illegal alien.

6  I declare the above stated facts are true under penalty of perjury to the best of my knowledge and beliefs. My state serial# is 571499, federal #23067077 and I am at the Bradshaw St Jail in Henderson Texas. The date of this declaration is 5-31-16.

Thomas Stewart

Declarant 28 USC 1746

p2 of 2 pages

#1

## UNSWORN DECLARATION AS TO CIRCUM-
## STANCES OF APPLICANTS' 3-25-14 ARREST

1 I Thomas Stewart, the Applicant in Ex Parte Stewart No W88 69008 VE declare under penalty of perjury as follows:

2 I was in prison from 1992 to 2013. To allow me to come home and parole with my sister in Ferris, she hid the family gun collection on the property in Ferris, Texas. 3 weeks after I was allowed home confinement from the federal 1/2 way house she passed away from an accidental overdose and never told anyone where she hid the guns. I came home disabled having to use pain killers and my entire family has either A.D.D. and disabling injuries causing addictions to pain killers or both. After my SSI got cleared and I was at home all day recovering from and awaiting major surgeries on my disabled shoulders and left wrist, the manic depression my brother in law suffers from the loss of my sister who was a wonderful woman made him start accusing me of stealing and selling the family gun collection.

3 When I was arrested it followed an unlawful detention and unlawful eviction at gunpoint as my brother in law told police I was unlawfully at my home and had stolen from him, a false accusation my nephew later proved to be false within the family by finding the gun collection my brother in law insisted I ~~was~~ had stolen and sold.

4 I cannot deny I was a mess. I was eaten up with grief myself after coming home and finding most of my relatives in the graveyard, but I never stole anything from my brother in law.

5 It is obvious the arresting officers believed my brother in law's false accusations and entered into a conspiracy to evict me from my home without legal process. When I got hurt real bad from landing on my shoulder they decided they had to arrest me, and to successfully cover it all up I got sent to prison. Those are the circumstances of my 3-25-14 arrest in Ferris Texas, parts of which are proven by the arrest video suppressed by Respondent refusal to admit the city I was arrested in was Ferris Texas.

p 1 of 2 pages

Attachment #2

## B. NOTICE OF ALLEGED VIOLATIONS OF RELEASE

You are accused of violating one or more of the rules/conditions of your release as set out in the Certificate of Release, or as modified since release, to wit:

**1) Rule # : 2**     I shall commit no offense against the laws of this State or of any other State or the United States.

**On or About or Since:** 03/25/2014
**At/About :** Ellis County Jail, 300 South Jackson, Waxahachie, Texas
**Comp/Adj:** Poss CS PG 1>=<4G 3. Conviction Cause #39171-CR, 7/10/2014, 40th District Court, Ellis County, Texas, 3 years sentence TDCJ-ID.

**Offender** _(Signature acknowledging Notification of Allegations)_     **Date** 8 - 13 - 14

**1) Rule #  2**    ☐ Admit    Refused (M.H) Initials     Date

Attachment 3

Information contained herein may be confidential and privileged and shall not be disclosed except as allowed by law.

```
    T. D. C. J.   -   I N S T I T U T I O N A L   D I V I S I O N
          DATE 12/04/14          RECORDS OFFICE          TIME 11:04:02
TDCJID: 00571499 NAME: STEWART,THOMAS G.          UNIT JOE F GURNEY
SENT. BEGIN DATE 02/16/1989 TDC RECEIVE DATE 12/19/1990
INMATE STATUS LINE CLASS I                    W    LAST PCR REQUEST 09/12/14
       SENT. OF RECORD      00030    YRS 00 MOS 00 DAYS   MAND SUPV PAROLE
       FLAT TIME SERVED     00021 YRS 04 MOS 19 DAYS    071  %   071  %
       GOOD TIME EARNED     00000 YRS 05 MOS 16 DAYS    001  %   001  %
       WORK TIME EARNED     00000 YRS 04 MOS 05 DAYS    001  %   001  %
       MAND SUPV TIME CREDITS  00022 YRS 02 MOS 10 DAYS  073  %
       PAROLE TIME CREDITS     00022 YRS 02 MOS 10 DAYS            073  %
       MINIMUM EXPIRATION DTE: 07/13/2018
       MAXIMUM EXPIRATION DTE: 07/16/2023
JAIL GOOD TIME RECD YES          NUMBER OF DETAINERS 01
GOOD TIME LOST 00000 DAYS        WORK TIME LOST 00000 DAYS
PAROLE STATUS   BPP DATE                       TDC CALC DATE 07/29/2014
REQUEST _____
CONDUCT RECORD:
```

Attachment 4

6    The above stated facts about the circumstances of my arrest are true and correct to the best of my knowledge and beliefs under penalty of perjury. My State serial # is 571499 and my federal # is 23067077. I am imprisoned at the Bradshaw St Jail in Henderson Texas. The date of this declaration is 5-31-16.

*Thomas Stewart*

Declarant 28 USC 1746

page 2 of 2 pages

# 2

5-31-16

Sent To; Tx Court Criminal Appeals
AttN Mr A Acosta Clerk
PO Box 12308
Austin Texas 78711

IN Re:        Exparte Stewart W88 69008UE
              LCA # 26,727-06

Mr Acosta;
      Enclosed are my Objetions to the
Trial Courts findings of 5-18-16 which
were postmarked 5-23-16 and received
by me on 5-27-18.

        Thank You for Your Time. God Bless You.

                        Sincerely

                        Thomas Stewart 571499
                        Thomas Stewart
                        PO Box 9000
                        Bradshaw St Jail
                        Henderson Tx 75653